# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:20-CR-00203 |
| | : | |
| v. | : | |
| | : | |
| FRANK KELLY | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a criminal case in which Defendant Frank Kelly ("Kelly") is charged in a one-count indictment with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The case is presently before the court on Kelly's motion to dismiss the indictment for failure to state an offense. For the reasons that follow, the motion is denied.

### BACKGROUND AND PROCEDURAL HISTORY

On August 26, 2020, a grand jury indicted Kelly for one count of conspiracy to defraud the United States under 18 U.S.C. § 371. (Doc. 1.) According to the facts alleged in the indictment, an individual with the initials "M.P." owned and operated an auto repair shop in central Pennsylvania during the period of time relevant to the indictment. (*Id.* ¶ 1.) M.P. employed multiple individuals at his auto repair shop between 2010 and 2012, one of whom was his girlfriend. (*Id.* ¶ 2.) M.P. paid his male employees with cash and paid his girlfriend with checks. (*Id.*) Despite having an obligation to do so, M.P. did not withhold any taxes from

his employees' wages, did not provide W-2 forms, did not report that he had any employees on his 2010, 2011, and 2012 federal income tax returns, and did not collect or pay any federal payroll taxes during those years. (*Id.* ¶¶ 3–4.)

The Internal Revenue Service ("IRS") initiated a civil audit of M.P.'s 2011 tax return sometime prior to February 24, 2014. (*Id.* ¶ 5.) The IRS subsequently expanded this audit to include tax years 2010, 2011, and 2012. (*Id.*) After the audit was initiated, M.P. retained Kelly, who operated a tax return preparation business in central Pennsylvania, to represent him in the civil audit. (*Id.* ¶¶ 6–7.)

During the course of Kelly's representation, M.P. allegedly told Kelly that contrary to what he had reported on his 2010, 2011, and 2012 tax returns, he did in fact have employees during the relevant period, including his girlfriend. (*Id.* ¶ 7.) Upon receiving this information, the indictment alleges that Kelly and M.P. agreed to lie to the IRS as to whether M.P. had any employees during the relevant period and as to whether the payments to M.P.'s girlfriend were gifts in order to obstruct the IRS's audit of M.P.'s tax returns. (*Id.* ¶ 8.)

The indictment alleges that Kelly and M.P. took several actions to advance their conspiracy to lie to the IRS. First, the indictment alleges that during a meeting with the IRS agent conducting the audit on February 24, 2014, Kelly lied and told the agent that M.P. did not have any employees during the relevant period and that the payments to M.P.'s girlfriend were gifts. (*Id.* ¶ 9.) Kelly subsequently

told M.P. about this conversation and advised M.P. to say the same thing to the agent. (*Id.* ¶ 10.) Kelly and M.P. then repeated the same lies to the agent during a conversation between the three individuals on April 24, 2014. (*Id.* ¶ 11.)

As a result of Kelly and M.P.'s misrepresentations, the IRS did not assess or collect any federal payroll taxes from M.P. for the tax years 2010, 2011, or 2012. (*Id.* ¶ 13.) Additionally, sometime after the civil audit was concluded, Kelly told M.P.'s criminal defense lawyer that he knew that M.P. did in fact have employees during the relevant period and that the payments made to M.P.'s girlfriend were wages rather than gifts. (*Id.* ¶ 12.)

## JURISDICTION

This court has jurisdiction under 18 U.S.C. § 3231, which gives district courts original jurisdiction over cases in which offenses against the laws of the United States are alleged.

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may move to dismiss an indictment for duplicity, multiplicity, lack of specificity, improper joinder, or failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). To state an offense, an indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The indictment also must provide "the official or customary citation of the

statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*

An indictment is sufficient to survive a motion to dismiss for failure to state an offense if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017) (quoting *United States v. Stevenson*, 832 F.3d 412, 423 (3d Cir. 2016)). "'No greater specificity than the statutory language is required so long as there is sufficient factual orientation' to permit a defendant to prepare his defense and invoke double jeopardy." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)). Thus, an indictment is generally sufficient where it "informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Id.* (quoting *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)). "In contrast, if an indictment fails to charge an essential element of the crime, it fails to state an offense." *Id.* (citing *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979)).

In reviewing a motion to dismiss, a district court must consider only the facts alleged in the indictment. *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir.

2007). A pretrial motion to dismiss is "not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Gilette*, 738 F.3d 63, 74 (3d Cir. 2013) (quoting *Huet*, 665 F.3d at 595). The court's review is therefore limited to determining whether, assuming the facts alleged in the indictment are true, "a jury could find that the defendant committed the offense for which he was charged." *Huet*, 665 F.3d at 596. A district court should generally uphold an indictment "unless it is so defective that it does not, by any reasonable construction, charge an offense." *United States v. Willis*, 844 F.3d 155, 162 (3d Cir. 2016) (quoting *Vitillo*, 490 F.3d at 324).

## DISCUSSION

Kelly is charged under 18 U.S.C. § 371, which provides as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. To state an offense under § 371, an indictment must allege "(1) an agreement to defraud the United States; (2) an overt act by one of the conspirators in furtherance of the conspiracy; and (3) an intent on the part of the conspirators to agree as well as to defraud the United States." *United States v. Root*, 585 F.3d 145, 157 (3d Cir. 2009) (citing *United States v. McKee*, 506 F.3d 225, 238 (3d Cir. 2007)).

In this case, Kelly argues that the indictment should be dismissed because he did not agree or conspire to defraud the United States or the IRS. (Doc. 13 ¶ 5.) Kelly asserts that, contrary to the allegations in the indictment, he and M.P. reviewed the facts underlying the IRS's audit during an intake interview, during which M.P. provided information that led Kelly to believe that the payments to M.P.'s girlfriend were personal in nature. (*Id.* ¶ 4.r.) Kelly accordingly advised M.P. that it would be inappropriate to claim the payments made to M.P.'s girlfriend as business expenses. (*Id.* ¶ 4.q.) Based on those facts, Kelly argues that the payments that M.P. made to his girlfriend are analogous to the payments made in *Yang v. Comm'r of Internal Revenue*, a 2008 summary opinion from the United States Tax Court in which the court concluded that a taxpayer's payments to his girlfriend constituted gifts rather than wages. (*Id.* ¶ 5.) *See Yang v. Comm'r of Internal Revenue*, No. 15861-07S, 2008 WL 5211005 (Tax Ct. Dec. 15, 2008). Finally, Kelly argues that the United States did not suffer any tax loss as a result of his actions, since his advice to M.P. led M.P. to owe "substantially more taxes." (Doc. 13 ¶ 6.a.)

The government opposes Kelly's motion to dismiss, arguing that the motion should be denied because the indictment alleges all of the necessary elements to state an offense under 18 U.S.C. § 371. (Doc. 16 at 5.) The government further

argues that Kelly's "real objection to the Indictment is that it does not comport with his version of the facts." (*Id.*)

Having reviewed the indictment and the parties' arguments, the court will deny Kelly's motion to dismiss. Although Kelly points to a number of facts that purportedly contradict the allegations in the indictment and establish that Kelly "did not unlawfully agree and conspire" to defraud the United States, *see* Doc. 13 at 1–3, those facts cannot be taken as true for the purposes of his motion. Rather, when reviewing a motion to dismiss for failure to state an offense, the court is bound to accept the facts alleged in the indictment as true. *Huet*, 665 F.3d at 597.

Applying that standard, the court concludes that the indictment states an offense for conspiracy to defraud the United States. The indictment alleges that Kelly and M.P. agreed to lie to the IRS about whether M.P. had any employees during the relevant tax years and about whether the payments to M.P.'s girlfriend were gifts, and that they did this "in order to obstruct and defeat the IRS in its assessment and collection of federal payroll taxes." (Doc. 1 ¶ 8.) This is sufficient to allege that Kelly and M.P. had an agreement to defraud the United States and that they had the intent to both reach an agreement and defraud the United States. The indictment also alleges several overt acts by Kelly and M.P. in furtherance of the agreement, including instances in which both individuals allegedly lied to the IRS and one instance in which Kelly instructed M.P. to lie to the IRS. (*Id.* ¶¶ 9–

11.) Those allegations are sufficient to state an offense for conspiracy to defraud the United States, and Kelly's contrary version of events cannot alter that conclusion at this stage of the case. Kelly's additional arguments that the case is analogous to *Yang* and that the United States did not suffer any tax loss as a result of his actions are similarly unavailing, as they also rely on facts that contradict the facts alleged in the indictment. *See Huet*, 665 F.3d at 597 (stating that district court must accept facts alleged in the indictment as true for purposes of a motion to dismiss).

## CONCLUSION

For the foregoing reasons, Kelly's motion to dismiss is denied. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 6, 2021